**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Stateline Farms, Inc., an Oregon
corporation, d/b/a Cedar Point Nursery

      Plaintiff,

                            Case No.  8:26-cv-2012

v.

Mendoza Farms, Inc., a Florida
corporation,

      Defendant.

_____/

## COMPLAINT FOR BREACH OF CONTRACT AND ALTERNATIVE RELIEF

Plaintiff, Stateline Farms, Inc., d/b/a Cedar Point Nursery ("Plaintiff" or "Cedar Point"), by and through its undersigned counsel, hereby files this Complaint against Defendant, Mendoza Farms, Inc. ("Defendant" or "Mendoza") and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    This is an action for breach of a written contract arising from Defendant's failure to pay for commercial strawberry plants purchased from Plaintiff, accepted by Defendant, and delivered in accordance with the parties' written agreement.

2.    Alternatively, should the Court determine no enforceable contract governs the parties' dispute, Plaintiff seeks recovery under a theory of unjust enrichment.

3.     Cedar Point is an Oregon corporation with its headquarters and principal place of business in Dorris, California.

4.     Mendoza is a Florida corporation, with its headquarters and principal place of business in Plant City, Florida.

5.     This Court possesses jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant, and because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

6.     Venue in the Middle District of Florida accords with 28 U.S.C. § 1391 because the events giving rise to Cedar Point's claims occurred in the Middle District of Florida, and because Mendoza's principal place of business is in the Middle District of Florida.

7.     All conditions precedent to commencing this action have occurred, been satisfied, or have been waived.

### GENERAL ALLEGATIONS

8.     Plaintiff develops, cultivates, markets, and sells commercial strawberry plants through throughout the United States under the name Cedar Point Nursery.

9.     Defendant is engaged in commercial strawberry farming operations in Hillsborough County, Florida.

10.     On or About May 31, 2024, Plaintiff and Defendant executed a written agreement governing Defendant's purchase of commercial strawberry plants for

the 2024-2025 growing season (the "Agreement"). A true and correct copy of the Agreement is attached as **Exhibit "A".**

11.     Pursuant to the Agreement, Defendant agreed to purchase Ember and Medallion strawberry plants from Plaintiff at the agreed pricing and payment terms, totaling $186,366.00.

12.     Plaintiff fully performed its obligations by cultivating, shipping, and delivering approximately 651,000 strawberry plants to Defendant.

13.     Defendant received, accepted, retained, and exercised ownership over the strawberry plants delivered by Plaintiff.

14.     Defendant neither rejected the goods nor revoked its acceptance.

15.     Section V of the Agreement required Defendant to provide written notice of any claim relating to the plants within twenty-one (21) days following shipment and expressly provides that no claim is valid if notice is provided after that period.

16.     Defendant never provided Plaintiff with timely written notice of any alleged defect, warranty claim, nonconformity, or other complaint regarding the plants.

17.     The Agreement required Defendant to make payments either by Credit Plan (installments) with the remaining balance due on or before December 1, 2024, or by Prepay Plan, with the remaining balance due by August 1, 2024.

18.     Plaintiff timely and properly sent Defendant an invoice reflecting the goods delivered and the balance due.

19.    Defendant did not make payment by August 1, 2024, to qualify for the Prepay Plan.

20.    Instead, Defendant made partial payments toward the purchase price.

21.    Defendant made a payment on September 23, 2024, for $50,000.00.

22.    Defendant made a subsequent payment on October 16, 2024, for $30,000.00.

23.    Defendant made one more payment on February 18, 2025, for $10,000.00.

24.    After crediting all payments received, Defendant remains indebted to Plaintiff in the principal amount of $96,366.00, exclusive of contractual finance charges.

25.    Plaintiff has repeatedly demanded payment.

26.    Defendant has failed and refused to pay the remaining balance.

27.    Pursuant to Section III of the Agreement, contractual finance charges continue to accrue.

28.    Defendant retained, planted, cultivated, and/or utilized the strawberry plants in its commercial farming operations and received the benefit of Plaintiff's performance without fully compensating Plaintiff for the strawberry plants.

<strong><u>COUNT I – BREACH OF CONTRACT</u></strong>

29.    The Agreement constitutes a valid and enforceable contract.

4

30.    Plaintiff fully performed all material obligations required under the Agreement.

31.    Defendant material breached the Agreement by failing to pay the full amount due after accepting delivery of the strawberry plants.

32.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages including:

a) The unpaid principal balance;

b) Contractual finance charges;

c) Prejudgment interest; and

d) Attorneys' fees, costs, and disbursements pursuant to the Agreement.

**WHEREFORE**, Plaintiff, Stateline Farms, Inc., d/b/a Cedar Point Nursery, requests judgment against Defendant for compensatory damages, contractual finance charges, attorneys' fees, costs, prejudgment interest, post-judgment interest, and all further relief the Court deems just and proper.

### COUNT II – UNJUST ENRICHMENT
**(Pled in the Alternative)**

33.    This Count is pled in the alternative pursuant to Rules 8(d)(2) and 8(d)(3) of the Federal Rules of Civil Procedure.

34.    Plaintiff conferred a direct and substantial benefit upon Defendant by cultivating, delivering, and transferring approximately 651,000 strawberry plants to Defendant.

35. Defendant knowingly accepted those strawberry plants for its commercial farming operations.

36. Defendant accepted and retained the benefits conferred by Plaintiff.

37. Defendant failed to pay Plaintiff the reasonable value of those benefits.

38. It would be inequitable for Defendant to retain the benefit of Plaintiff's goods without paying Plaintiff their reasonable value.

39. As a direct result, Plaintiff has suffered damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Stateline Farms, Inc., d/b/a Cedar Point Nursery, requests judgment, in the alternative to Breach of Contract, against Defendant for restitution and/or the reasonable value of the benefits conferred, together with prejudgment interest, post-judgment interest, taxable costs, and such other relief as the Court deems just and proper.

Dated: July 14, 2026.

Respectfully submitted,

*/s/ J. Kirby McDonough*
J. Kirby McDonough
Fla. Bar No. 79031
**SPENCER FANE LLP**
201 North Franklin Street, Suite 2150
Tampa, Fla. 33602
Tel.: (813) 424-3500
kmcdonough@spencerfane.co
ecoutu@spencerfane.com

*Attorney for Plaintiff, Stateline Farms, Inc., d/b/a Cedar Point Nursery*

6