UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATELINE FARMS, INC.
d/b/a CEDAR POINT NURSERY,

Plaintiff,

v. Case No. 8:26-cv-2012-VMC-AAS

MENDOZA FARMS, INC.,

Defendant.

______________________________/

**ORDER**

This matter comes before the Court on consideration of Plaintiff Stateline Farms, Inc.'s Motion for Final Default Judgment (Doc. # 15), filed on September 25, 2026. The Court grants the Motion as set forth below.

**I. Background**

Plaintiff Stateline Farms, Inc. initiated this action against Defendant Mendoza Farms, Inc. on July 14, 2026. (Doc. # 1). The complaint asserts two claims: breach of contract (Count I) and, in the alternative, unjust enrichment (Count II). (Id.).

According to the complaint, Stateline "develops, cultivates, markets, and sells commercial strawberry plants [] throughout the United States." (Id. at 2). Mendoza "is

engaged in commercial strawberry farming operations in Hillsborough County, Florida." (Id.). In May 2024, Stateline and Mendoza "executed a written agreement" in which "[Mendoza] agreed to purchase Ember and Medallion strawberry plants from [Stateline] at the agreed pricing and payment terms, totaling $186,366.00." (Id. at 2-3). Stateline "fully performed its obligations by cultivating, shipping, and delivering approximately 651,000 strawberry plants" to Mendoza. (Id. at 3). Mendoza "received, accepted, retained, and exercised ownership over the strawberry plants" delivered by Stateline, "neither reject[ing] the goods nor revok[ing] its acceptance." (Id.). The parties' agreement "required [Mendoza] to provide written notice of any claim relating to the plants within twenty-one (21) days following shipment," and "expressly provide[d] that no claim is valid if notice is provided after that period." (Id.). But Mendoza "never provided [Stateline] with timely written notice of any alleged defect, warranty claim, nonconformity, or other complaint regarding the plants." (Id.).

Under the parties' agreement, Mendoza was required to "make payments either by Credit Plan (installments) with the remaining balance due on or before December 1, 2024, or by Prepay Plan, with the remaining balance due by August 1,

2024." (Id.). Stateline "timely and properly sent [Mendoza] an invoice reflecting the goods delivered and the balance due," but Mendoza "did not make payment by August 1, 2024, to qualify for the Prepay Plan." (Id. at 3-4). Rather, Mendoza "made partial payments," including "a payment on September 23, 2024, for $50,000.00," "a subsequent payment on October 16, 2024, for $30,000.00," and "one more payment on February 18, 2025, for $10,000.00." (Id. at 4). "After crediting all payments received, [Mendoza] remains indebted to [Stateline] in the principal amount of $96,366.00." (Id.). This amount is "exclusive of contractual finance charges" which, pursuant to the parties' agreement, "continue to accrue." (Id.). Mendoza has "failed and refused to pay the remaining balance," even though Stateline "has repeatedly demanded payment" (Id.), including in the form of a formal demand sent on October 28, 2025. (Doc. # 15 at 3; Doc. # 15-1 at 9-10).

On July 29, 2026, Stateline served Mendoza (Doc. # 8), but Mendoza failed to respond to the complaint or otherwise defend. Stateline then moved for entry of Clerk's default. (Doc. # 11). On August 21, 2026, the Clerk entered default against Mendoza. (Doc. # 14).

Stateline now moves for default judgment. (Doc. # 15). In support, Stateline has filed the sworn declaration of David

Adams, Stateline's Chief Executive Officer and President, in which Mr. Adams reiterates the allegations of the complaint. (Doc. # 15-1). Mr. Adams avers that the parties' agreement "provides for contractual finance charges of 1.5% per month (18%) per year to accounts not paid in full within the timeframe" outlined. (Id. at 2). "The total amount due when the Complaint was filed was $130,654.52," but in the intervening months, "additional finance charges have accrued bringing the total to $134,171.22." (Id.). As a result, "Mendoza owes $37,805.22 in finance charges." (Id.). Stateline further attaches to the declaration copies of the purchase agreement, the formal demand letter, and the outstanding invoice and calculated principal and finance charges. (Id. at 4-16).

Stateline seeks $134,171.22 in actual damages, as well as post-judgment interest. (Doc. # 15 at 6). Stateline also seeks "[r]easonable attorneys' fees and costs" because it was "required to hire an attorney to enforce the Agreement, and those attorneys' fees, along with finance charges, continue to accrue." (Id. at 4, 6).

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hou. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## III. **Analysis**

### A. **Liability**

After reviewing the Motion, attached declaration, the complaint, and the rest of the record, the Court determines that the Motion should be granted, and judgment entered in Stateline's favor on Count I for breach of contract.

Under Florida law, "[t]he elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Abbott Lab'ys, Inc. v. Gen. Elec. Cap., 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Where an express contract governs the parties' relationship, "[n]o cause of action in unjust enrichment can exist." Zarrella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010); see also Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007) ("[A] quasi-contractual claim fails upon a showing that an express contract exists.").

Stateline has established its breach of contract claim and its entitlement to a default judgment as to Count I. A valid contract, the purchase agreement, existed in which Mendoza promised to pay Stateline for strawberry plants. (Doc. # 15; Doc. # 15-1 at 5-8). Stateline "fully performed its obligations" under the contract by "delivering approximately 651,000 strawberry plants to Mendoza," yet Mendoza breached the contract by "fail[ing] to pay the outstanding principal and finance charges" owed. (Doc. # 15 at 2-3). Stateline was thereby damaged because it has not received the total amount due. (Id. at 3-4).

Because Stateline has established its entitlement to default judgment on its breach of contract claim, "[n]o cause

of action in unjust enrichment can exist." Zarrella, 755 F. Supp. 2d at 1227. The Court dismisses Count II for unjust enrichment.

**B. Actual Damages**

Having concluded that Stateline is entitled to default judgment as to its breach of contract claim, the Court turns to the question of relief. "As a general rule, the court may enter a default judgement awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." DirecTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004). Here, the extent of the damages is ascertainable without a hearing.

"Mendoza remains indebted to [Stateline] in the principal amount of $96,366.00," calculated by subtracting its partial payments toward the purchase price ($50,000.00, $30,000.00, and $10,000.00) from the agreed pricing and payment terms. (Doc. # 15-1 at 2, 12–16). Additionally, under the parties' agreement, Mendoza owes "contractual finance charges of 1.5% per month (18%) per year to accounts not paid in full within the timeframe" outlined. (Id. at 2, 6). Mendoza owes $37,805.22 in finance charges, accrued through September

25, 2026. (Id. at 2, 12-16). Thus, Stateline's damages amount under the purchase agreement is $134,171.22. (Id.).

### C. Post-Judgment Interest

Stateline also seeks "[p]ost-judgment interest on the total judgment amount from the date [of] entry of judgment until satisfaction." (Doc. # 15 at 6). Under the federal interest statute, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961; see also Stevens v. Cosmic Strands, LLC, No. 8:23-cv-2304-VMC-NHA, 2025 WL 948992, at *5 (M.D. Fla. Mar. 30, 2025) ("[T]he interest is mandatory even where plaintiff fails to request the post-judgement interest."). Accordingly, Stateline is entitled to post-judgment interest.

### D. Attorneys' Fees and Costs

Finally, Stateline asserts that it "was required to hire an attorney to enforce the Agreement, and those attorneys' fees, along with finance charges, continue to accrue." (Doc. # 15 at 4). Stateline thereby requests "[r]easonable attorneys' fees and costs," with the "amount to be determined by separate motion and supporting evidence." (Id. at 6).

Because information about the attorneys' fees and costs has not been provided, the Court will retain jurisdiction over this case for the limited purpose of ruling on a

forthcoming motion for attorneys' fees. Stateline is directed to file such motion by November 9, 2026.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Stateline Farms, Inc.'s Motion for Final Default Judgment (Doc. # 15) is **GRANTED**.

(2) Default judgment is granted on Count I of the complaint. Count II is dismissed as moot.

(3) The Clerk is directed to enter a default judgment in favor of Plaintiff Stateline Farms, Inc. and against Defendant Mendoza Farms, Inc. on Count I of the complaint in the amount of $134,171.22. Stateline is entitled to post-judgment interest.

(4) Thereafter, the Clerk is directed to **CLOSE** this case.

(5) Stateline is directed to file its motion for attorneys' fees by November 9, 2026.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of October, 2026.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE